FREDERICK KELLER AND WIFE *vs.* JOHN GAYLOR AND OTHERS.

A testator had insured the life of his wife for his own benefit, with a provision that if he died before her the insurance money should be paid to their children. He died before her, leaving no children, and by his will gave her "all the residue of his estate, both real and personal, in whatever it might consist or wherever situated, to be hers without restraint and absolutely." Held—
1. That upon the death of the wife the insurance money became payable to his executor, as assets of his estate. 2. That the testator's interest in the policy passed to the wife in her lifetime by the residuary clause of the will, and after her death to her representatives.

The fact that after the testator's death a posthumous child might be born who would be entitled to the insurance money, and that thus no certain interest could vest in his executor until that contingency was passed, did not prevent the will operating upon the interest. The testator had at his death a vested interest subject to be divested by the birth of a child.

Had the testator died intestate the policy would have passed to the administrator as assets ; and as a general rule whatever would thus pass is devisable.

AMICABLE SUBMISSION to the Superior Court upon the following agreed statement of facts:

Louis Gaylor, of Bridgeport in this state, on the 29th of

December, 1868, took out a policy of insurance for $2,000 upon the life of Magdalena Gaylor, his wife, for his own benefit, in the Knickerbocker Life Insurance Company of New York, upon which policy he paid all the premiums as they became due. The insurance was for the term of her life. The policy contained the following provision:

"And the said company do hereby promise and agree well and truly to pay or cause to be paid, at their office, the said sum insured to the above named party to whose benefit this insurance shall enure whenever the same becomes due, his executors, administrators or assigns, within three months after due notice and satisfactory proof of the death of the said party whose life is hereby insured, during the continuance and before the termination of this policy, said proof to be in conformity with the conditions printed on the back of this policy. And in case of the death of said party for whose benefit this insurance is made before the decease of the said party whose life is hereby insured, the amount of this insurance shall be payable after the death of the latter to his children by her for their sole use, or to their guardian if under age."

On the 2d of July, 1872, Louis Gaylor made a will, which was proved after his death, the material part of which was as follows:—

"*First.* I direct that all my just debts, including funeral expenses and the expenses of administration, be paid by my executors hereinafter named.

"*Second.* I give, devise and bequeath to my beloved wife, Magdalena Gaylor, all the rest and residue of my estate, both real and personal, in whatever it may consist or wherever situated, to be hers without restraint and absolutely."

He died on the 22d day of October, 1872, having had no children by his wife Magdalena. She died on the 20th day of January, 1873, intestate, leaving one child of a former marriage, Ida Keller, the wife of Frederick Keller.

After her death the insurance company paid the amount due on the policy to John D. Budau, who had been appointed administrator with the will annexed of the estate of Louis Gaylor.

The plaintiffs were Ida Keller and her husband. The respondents, except Budau the administrator, were the heirs-at-law of Louis Gaylor, being his brothers and sisters, he having left no lineal descendant.

The plaintiffs claimed that the property in the policy of insurance passed by the will of Louis Gaylor, upon his death, to Magdalena Gaylor, and upon her death, as a part of her intestate estate, to Ida Keller as her sole heir at law. They further claimed that if it was intestate estate of Louis Gaylor, one-half of it passed to Magdalena Gaylor, under her right by statute to a moiety of his personal estate, and from her to Ida Keller. The respondents claimed that the right to the insurance money did not pass by the will to the widow, there being no right to the money till after her death, but that the money when received became intestate estate of Louis Gaylor, and ought to be distributed among his heirs at law.

The case was reserved by the Superior Court for the advice of this court.

*DeForest*, with whom was *Beardsley*, for the plaintiffs.

1. By the will of Louis Gaylor the property in the policy passed at his decease to his wife, and upon her death vested in her representatives, in trust for Ida Keller, her only heir. He had at the time of his decease a contingent interest in the policy and its final avails, which was a part of his devisable property. *Jones* v. *Roe*, 3 T. R., 88, 94; *Moor* v. *Hawkins*, cited 3 T. R, 95; *Perry* v. *Jones*, 1 W. Bla., 30; *Selwyn* v. *Selwyn*, 2 Burr., 1131; *Hayden* v. *Inhabitants of Stoughton*, 5 Pick., 528; *Austin* v. *Cambridgeport*, 21 id., 215; *Steel* v. *Cook*, 1 Met., 281; *Den* v. *Manners*, Spencer, 142; *Kean's Lessee* v. *Roe*, 2 Harring., 103; *Spence* v. *Robins*, 6 Gill & J., 507; *Libby* v. *Libby*, 37 Maine, 359; 6 Greenl. Cruise, 28, 32, 33, 34; 4 Kent Com., (5th ed.) 511; 1 Hilliard R. Prop., 542; 2 Washb. R. Prop., 745 and notes; Powell on Devises, 234; Fearne on Rem., (Am. ed.,) 366.

2. If the property in the policy did not pass by the will to the wife, then it became intestate estate of his, and as he left no children or legal representatives of them, one-half

of it certainly belonged to his wife by our statute of distribution, and at her decease passed to Ida Keller. *Libby* v. *Libby*, 37 Maine, 359.

*Lockwood*, for the defendants.

1. The will of the testator speaks from the time of his death. He could dispose of such property only as he then had a devisable interest in. 1 Redfield on Wills, 379, 380; *Canfield* v. *Bostwick*, 21 Conn., 550; *Gold* v. *Judson*, id., 616.

2. Louis Gaylor at the time of his death had no devisable interest in the policy. The money to become due under it was payable to him only in the event of his surviving his wife. The policy provides that if he dies before the decease of his wife, the amount of insurance shall be payable after her death to his children by her, for their sole use, or to their guardian if under age. Although he had no children at the time the policy was issued, he contemplated having children, and made provision therefor. By the terms of the policy his interest in it was not a vested interest, but was to become such upon the contingency that he survived his wife. *Conn. Mutual Life Ins. Co.* v. *Burroughs*, 34 Conn., 305; *Doe* v. *Tomkinson*, 2 Maule & Selw., 165; *Moehring* v. *Mitchell*, 1 Barb. Ch., 264; *Gould* v. *Emerson*, 99 Mass., 154; *Knickerbocker Life Ins. Co.* v. *Weitz*, id., 157; *Ruppert* v. *Union Mutual Ins. Co.*, 7 Robert., 155; Bliss on Life Ins., §§ 339, 340, 341, 343. The testator had no right to take out a new policy payable to himself. *Chapin* v. *Fellowes*, 36 Conn., 132. Until the death of the wife the money was the property of the insurance company. The risk ran upon her life, and was liable to be avoided, after the death of the testator, by numerous conditions expressed in the policy. The contract of the company is to pay the money when due to him if alive, if dead, to his children. The fact that the testator procured the insurance and paid the premiums, gives him no authority by will or deed to change the destination of the money. Bliss on Life Ins., §§ 339, 317.

3. If the testator had no vested interest in the policy at

the time of his death, then the insurance money is intestate estate and goes to his heirs. As it did not accrue to him until the death of his wife she could take nothing, and if she took nothing, nothing descended to Ida Keller.

SEYMOUR, C. J.   The facts upon which the questions in this case depend are briefly and distinctly stated in the record. The clause in the policy of insurance upon the effect of which the parties differ is, in substance as follows:—" The company promise to pay the sum insured to the above named party, to whose benefit this insurance shall enure whenever the same becomes due, his executors, administrators or assigns, within three months, &c., and in case of the death of said party for whose benefit this insurance is made, before the decease of the said party whose life is hereby insured, the amount of this insurance shall be payable, after the death of the latter, to his children by her, for their sole use, or to their guardian if under age."

Inasmuch as Mr. Gaylor had no children, nothing became payable under the clause in the policy in their favor. Upon the death of Mrs. Gaylor no one except Mr. Gaylor's administrator had or could have a right to the insurance money. By the terms of the policy (there being no children) the money was payable to him. He accordingly received it, and it is in his hands as part of the assets of Mr. Gaylor's estate.

Thus far the contending parties are substantially agreed. The whole question between them resolves itself into this,— whether, there being no debts, the insurance money in the hands of the administrator of Mr. Gaylor shall be distributed to Mr. Gaylor's heirs at law as intestate estate, or whether it shall go to the representatives of Mrs. Gaylor under the residuary clause of Mr. Gaylor's will.

In behalf of the heirs at law it is claimed that Mr. Gaylor had no interest in the policy at the time of his death, and that whatever interest his estate ultimately had in the policy came into existence after his death and not until it had become certain that he could have no posthumous child to take the insurance money. It must be conceded that until some period

after his death there was an uncertainty whether a child might not be born to him, which child on the death of Mrs. Gaylor might be entitled to the insurance money, and the question is (1,) whether this uncertainty makes the interest of Mr. Gaylor in the policy so uncertain as not to be the subject of testamentary disposition, and (2,) whether if devisable the terms of the will are such as to pass the benefit of the policy to Mrs. Gaylor.

On the first point, we think it clear that Mr. Gaylor at the time of his death had an interest in the policy which could be bequeathed.

The contract under which the insurance money became payable was made *with him*, and is by its express terms *for his benefit*. In a certain event which never happened the insurance money would indeed have become payable to his children. The insertion of this clause in favor of his children however did not divest Mr. Gaylor of his interest as contracting party in the contract. No other person than Mr. Gaylor ever had any interest in the policy before his death, and his interest then immediately passed to his personal representatives.

Mr. Gaylor had at his death a vested interest, liable indeed to be divested by the birth of a child.

Had Mr. Gaylor died intestate the policy would have passed to the administrator as assets, and in general under our law whatever may thus pass is devisable.

On the second point, the residuary legatee is *hæres factus*, and generally takes whatever the *hæres natus* would take.

But it is said that the will speaks from the death of the testator, and only carries such interests as were in esse at the testator's death, and not interests which accrue to the estate of the testator after death. The words of Mr. Gaylor's will in favor of his wife are very strong. He gives to her "all the rest and residue of [his] estate both real and personal, in whatever it may consist or wherever situated, to be hers without restraint and absolutely." We think this language conveys to her all that came to his estate as assets. She is by this clause of the will constituted sole heir of his estate to

the exclusion of statute heirs. She became entitled to the policy of insurance as a chose in action belonging to him at his death. Her representatives are therefore we think entitled to the insurance money received by the administrator, Mr. Budau, and the Superior Court is advised to render judgement accordingly.

In this opinion the other judges concurred.