## INTEREST OF WIFE IN POLICY OF INSURANCE ON LIFE OF HER HUSBAND MAY PASS BY WILL.

Common Pleas Court of Hamilton County.

AL. H. TEEPEN, ADMINISTRATOR, v. HENRY SCHLACHTER, ADMINISTRATOR.*

Decided, January Term, 1915.

*Insurance on Life of Husband Made Payable to Wife—Vested Interest of Wife Therein—Language of a Devise Sufficient to Cover the Proceeds of Such a Policy.*

1. Where a policy of insurance is issued upon the life of a husband, the proceeds of which are payable unto his wife, her executors, administrators, or assigns, the said wife the moment the policy is issued obtains such a vested or devisable interest in the insurance fund prior to the death of her husband as she can pass by will.

2. Where the company issuing the policy promises to pay the proceeds thereof unto the wife, her executors, administrators and assigns, it is not such a policy payable to a married woman or to any person in trust for her or for her benefit as is contemplated in Section 9398, General Code; nor is it a policy made payable to a married woman solely for her own use as is contemplated in Section 9399, General Code; but, by its terms being payable to the wife or her assigns the wife's interest in it is assignable and therefore is capable of being devised.

3. A devise of "all my property both real and personal of which I may die seized to my husband * * * to him and his heirs forever" is sufficient to carry with it the proceeds of such a policy of insurance.

*Clore & Clayton,* for the demurrer.
*Charles M. Leslie,* contra.

GEOGHEGAN, J.

Heard on demurrer to petition.

---

*Affirmed by the Court of Appeals, *Schlachter* v. *Teepen,* 23 C.C.(N. S.), —.

. The petition recites that plaintiff is the duly appointed and qualified administrator of the estate of Herman Teepen, deceased, and that the defendant is the duly appointed and qualified administrator *de bonis non* with the will annexed of Mary Teepen, deceased; that on or about the 11th day of September, 1897, the Mutual Life Insurance Company of New York issued a certain policy of insurance on the life of the said Herman Teepen; that among the provisions of the policy was the following:

"In consideration of the application for a former policy numbered 663,840 and of the surrender of said former policy, the Mutual Life Insurance Company of New York promises to pay at its home office in the city of New York, unto Mary Teepen, wife of Herman Teepen, of Cincinnati, in the county of Hamilton, state of Ohio, her executors, administrators or assigns, seventy-five hundred dollars, without profits, upon acceptance of satisfactory proofs at its home office, of the death of said Herman Teepen during the continuance of this policy, subject to the provisions stated on the back of this policy which are hereby referred to and made part hereof, and subject also to all claims and equities attaching to the ownership of said former policy.

"In Witness Whereof, the said Mutual Life Insurance Company of New York has caused this policy to be signed by its president and secretary, at its office in the city of New York, the eleventh day of September, A. D. one thousand eight hundred and ninety-seven."

The petition further recites that Mary Teepen, the above named beneficiary was the wife of Herman Teepen, deceased, and that said Mary Teepen died on or about the 11th day of April, 1898, leaving a last will and testament, and that said will provided among other things, as follows:

"Subject to the payment of my debts, should there be any, I give, devise and bequeath all my property, both real and personal of which I may die seized, to my husband, Herman Teepen, to him and his heirs forever."

That said Herman Teepen survived his wife and died on June 2, 1911.

Plaintiff claims that by the terms of the said will of said Mary Teepen, her interest in the life insurance policy passed to Herman Teepen, and that the proceeds of said policy which have been collected by the defendant as administrator, etc., of the said Mary Teepen, are payable to him as administrator of the said Herman Teepen, subject, however, to the payment of the debts of said Mary Teepen.

To this petition the defendant, as administrator, etc. of the said Mary Teepen, filed a demurrer, and it seems to be conceded by counsel in their briefs that the determination of plaintiff's right to this fund must rest upon the propositions, (a) whether the testatrix, Mary Teepen, had such a vested or devisable interest in the insurance fund prior to the death of her husband, as she could pass by will; (b) and whether it was the intention of said testatrix to devise this insurance fund to her husband.

As to the first proposition, I think it may be answered in the affirmative. It seems to be well settled that the moment a policy of insurance is issued, it and the money to become due under it, belongs to the person or persons named in it as beneficiary or beneficiaries. This rule is thus stated by Mr. Bliss in his work on Life Insurance, Second Edition, Sections 317 and 337:

"A policy of life insurance and the money to become due under it, belong the moment it is issued, to the person or persons named in it as beneficiary or beneficiaries and there is no power in the person procuring the insurance, by any act of his, by deed or by will to transfer to any other person the interest of the person or persons so named. The person designated in the policy is the proper person to receipt therefor. and to sue for the policy. *The principle. is that the rights under the policy become vested immediately upon its being issued,* so that no person other than those designated can assign or surrender it and that in such assignment or surrender all persons must concur, or the interest of those not concurring is not affected."

This rule seems to have been generally followed throughout the United States. A case very similar to the case at bar is the case of *Keller* v. *Gaylor*, 40 Conn., 343, wherein the facts were that:

"A testator had insured the life of his wife for his own'benefit, with a provision that if he died before her the insurance money should be paid to their children. He died before her, leaving no children, and by his will gave her "all the residue of his estate, both real and personal, in whatever it might consist or wherever situated, to be hers without restraint and absolutely." *Held*: 1. That upon the death of the wife the insurance money became payable to his executor, as assets of his estate. 2. That the testator's interest in the policy passed to the wife in her life time by the residuary clause of the will, and after her death to her representatives."

The effect of the decision was, that the husband being the beneficiary of the policy of insurance, had such a vested interest in that policy that he might pass the same to his wife by his will, and that the policy was, upon her death, payable to her representatives. The court held that she became entitled to the policy of insurance as a chose in action belonging to him at his death.

In *Manhattan Life Insurance Co.* v. *Smith*, 44 Ohio St., 156, at page 163 the Supreme Court in speaking of a policy in which a wife was beneficiary, say:

"There was value in the policy, and at least to that extent the wife's right in it was a vested right. She was the beneficiary named in it, and upon both reason and authority we think it clear that no new contract or arrangement of any kind which affects the vested rights of the beneficiary in the policy can be made with the company alone by the insured."

This principle that a beneficiary in a policy of insurance has a vested right has been recognized in *Union Central Life Insurance Company* v. *Buxer*, 62 Ohio St., 385; *Bank* v. *Hume*, 128 U. S., 195; *Evans* v. *Opperman*, 76 Tex., 293; *Richter* v. *Charter Oak Insurance Co.*, 27 Minn., 193; *Harley, Admr.*, v. *Heist*, 86 Ind., 196.

In *Glenn* v. *Burns* 100 Tennessee, 295 at 297, in the Supreme Court of Tennessee, the court quotes with approval the language of the Supreme Court of Connecticut in the case of *Continental Life Insurance Company* v. *Palmer et al*, 42 Conn., 60, as follows:

"The moment this policy was executed and delivered, it be-
came property and the title to it vested in some one. It will not
be claimed that it vested in the person whose life was insured.
It must have vested then in all or in a part of the payees. The
payees consist of two parties, the wife and the children. As only
one could take and enjoy the property ultimately, it did not
vest in all as tenants in common; nor did it vest in either so as
to give a right to the present enjoyment of it. It was not, how-
ever, a mere expectancy, nor a naked possibility coupled with a
present interest. It was visible, tangible property, and, like
any other insurance policy, it was capable of assignment, and
had an appreciable value. Each party took a conditional, not
an absolute, right to the whole policy. It was not a condition
precedent, but subsequent.  *  *  *  The right to the policy,
in a strict sense, was not contingent; the possession and enjoy-
ment of the fund thereby created were postponed to the future
and were contingent. This contingency applied to both parties—
to the wife as well as to the children.  *  *  *  In respect to
each it was a then present right to the future enjoyment of
property, but it was liable to be defeated by a subsequent con-
tingency, and was certain to be defeated as to one of them. That
*such a right is recognized as property, and is transmissible to
heirs, is a proposition abundantly sustained by the authorities.*

It seems, therefore, clear that Mary Teepen, as soon as the
policy on the life of Herman Teepen was issued, in which she
was named as beneficiary, had a vested interest in the property,
and having such vested interest in the property, she had the
power to transmit that property by her last will and testament.

Counsel for defendant in arguing that there could not be a
devise of a fund which would not come into existence until the
death of the devisee, seems to have overlooked that it was not the
*fund* which was attempted to be devised under the will, but *the
right to have the fund,* and this being property, it passed like
any other chattel to Herman Teepen, and upon his death, passed
to his administrators.

It being clear that in the absence of a statute to the contrary
Mary Teepen did have such a vested interest in the property as
she could pass by will to any devisees, the only question that can
be raised as to this right is such as is raised by counsel for de-

fendant with reference to the construction of Sections 9398 and 9399, General Code.

Section 9398 reads as follows:

"A policy of insurance on the life of any person duly assigned, transferred, or made payable to a married woman, or to any person in trust for her or for her benefit, whether such transfer is made by her husband or other person, shall inure to her benefit, and that of her children, independently of her husband or his creditors, or of the person effecting or transferring the policy or his creditors."

Section 9399 reads as follows:

"The amount of the insurance so provided for in the preceding sections, may be made payable, in case of death of the wife before the period at which it becomes due, to his, her, or their children, for their use, as provided in the policy of insurance, or to their guardian, if under age. If there are no children, upon the death of the wife, such policy shall revert to and become the property of the party whose life is insured, unless it has been transferred as hereinafter provided. When by its terms, or a transfer thereof, a policy is payable to a married woman solely for her own use, she may sell, assign, or surrender it, but the party whose life is insured, shall concur in and become a party to the transfer."

This act is first found in section 30 of an act to regulate insurance companies doing business in the State of Ohio, passed April 27, 1872 (69 Ohio Laws, 140). It was amended by an act passed June 12, 1879 (76 O. L., 160) wherein is the provision, that a policy payable to a married woman solely for her own use, may be sold assigned, or surrendered by her provided the insured shall concur and become a party to the transaction, was incorporated in the act.

It will be observed that these acts were passed prior to the passage of the Married Womans Enabling Acts, and their evident purpose was to secure to a married woman the benefits of policies of insurance made payable to her, without hindrance or molestation from the husband's creditors. It is evident that the Legislature, in passing these acts, recognized that a wife had a

vested interest in a policy of insurance made payable to her, no matter whether the policy was on the life of her husband or that of some other person, and it sought to frustrate, and did fustrate by this act, any attempt on the part of the husband's creditors to work out their rights through his right to reduce her choses in action to possession, so that the proceeds thereof might be applied to the payment of their claims.

However, it will be observed that this policy of insurance is not such a policy as is described in these two sections. The policy reads: "Promises to pay  *  *  *  unto Mary Teepen, wife of Herman Teepen,  *  *  *  her executors, administrators, or assigns." It is not a policy payable to a married woman, simply, or to any person in trust for her, or for her benefit, as provided in Section 9398, General Code, nor is it a policy made payable to a married woman solely for her own use, as provided in Section 9399. This policy is, by its terms, payable to Mary Teepen, her executors, administrators or assigns, and, therefore, being payable to her assigns, her interest in it was assignable, and if assignable was capable of being devised.

This construction is in line with the construction given by Judge Smith in the Superior Court of Cincinnati in General Term, in the case of Reakirt v. Besuden et al, 3 N.P.(N.S.), 646; affirmed 73 Ohio St., 383; wherein, in construing a policy of similar import, Judge Smith says, at page 651:

"It seems to me that this statute has no application to the case at bar for the reason that both provisions of the statute above referred to have reference only to a case where a policy of insurance is transferred absolutely to a married woman. In such a case the transfer inures to the benefit of her children, and she can not assign it without their consent unless in the language of the statute it is transferred to her 'solely for her use.' "

The transfer of the policy Judge Smith was construing read; "Unto Annette R. Besuden and assigns." And the majority of the court, while reaching the same conclusion, did so by a different method of reasoning, holding that the assignment of a policy of insurance to a wife and her assigns creates an es-

tate solely for her own use, and that under the second clause of the statute, now a separate statute under the code (Section 9399), she might transfer and assign her interest with the consent of her husband.

Even if we apply this method of reasoning to the case at bar, it will be seen that the devise by Mary Teepen of all her property, would pass her vested interest in this policy of insurance to her husband, Herman Teepen, and while it is true the statute provides that the party whose life is insured shall concur in and become a party to the transfer, nevertheless, where the husband is the party whose life is insured and he is also the transferee or devisee of the wife's interest in the policy, it would be a vain thing to require him to consent in writing to the transfer to himself. The only purpose and object of this provision is to prevent a wife from transferring her property in a policy of life insurance without the consent of the person whose life is insured, and can have no application where the transfer is attempted to be made to the person himself whose life is insured. However, I am inclined to think that the reasoning of Judge Smith in construing these questions is more in accord with the evident legislative purpose in enacting these statutes, which purpose was to give a means to a married man to protect his wife and his children by insuring his life without interference of his creditors at a time when the said creditors could interfere by working out their rights through his common law rights in his wife's personal property.

But one further question now remains. Was it the intention of said Mary Teepen to pass this policy of insurance to her husband, Herman Teepen, under her will? She makes him the general residuary devisee of all her property without condition or qualification, except as to the payment of her debts. It must therefore be assumed that she intended to pass all of her property under this will. As this policy at the time it was issued became vested in her, we must assume that she intended to include this. There is nothing in the will itself, in so far as it has been presented to the court, in the petition or in the argu-

ment of counsel, that would tend to show that she intended to exclude this policy of insurance from the terms of the will.

In *Townsend's Executors* v. *Townsend et al*, 25 Ohio St., 477, the Supreme Court has laid down certain rules of construction of wills which have been followed without exception and have not been deviated from, and among these rules is found the rule, that the intention of the testator must be ascertained from the words contained in the will. And the rule seems to be that where there is no ambiguity in the express provisions of the will, it must be assumed that the testator intended precisely what the will says, and that therefore under this will passing all her property to Herman Teepen, it must be assumed that the testatrix, Mary Teepen, had in mind her interest in this policy of insurance and that she intended to pass it along with all her other property to the said Herman Teepen.

This construction seems to be in accord with the rules laid down in *Charch* v. *Charch*, 57 Ohio St., 561; *Robbins* v. *Smith*, 5 C.C.(N.S.), 545; *Youngblood* v. *Youngblood*, 11 C.C.(N.S.), 279. It is certainly precisely in accord with the rule of the Supreme Court of Connecticut in the very similar case of *Keller* v. *Gaylor, supra*.

Two minor questions remain: first, the petition does not aver that the debts of the estate of Mary Teepen have been paid; secondly, the petition does not aver that Herman Teepen elected to take under the will of Mary Teepen.

Counsel for plaintiff in his oral argument, as well as in his brief, asserts that the debts are paid, and that Herman Teepen did elect, and expresses his willingness, if the court thinks it necessary to do so, to incorporate these allegations in his petition. The question therefore as to this part becomes moot, and both counsel for plaintiff and defendant argue the case in the main as if these allegations were in the petition, as well as the allegation that the said Mary Teepen left two children.

The allegations as to the payment of debts and the election under the will would be proper allegations in this petition, and the court thinks they should be incorporated. Therefore, leave

will be granted to amend the petition in these particulars, and, assuming that the petition is amended in these partculars, the demurrer will be overruled.