LENA J. REICHLE, as Administratrix of the Estate of LOUIS REICHLE, Deceased, Respondent, *v.* G. W. PERKINS, as President of the CIGARMAKERS INTERNATIONAL UNION OF AMERICA, Appellant.

Benefit association — labor unions — provision in constitution that benefit shall be paid only to designated beneficiary, a widow, minor children or dependent relative upon application within one year of death of member, valid — when administratrix of deceased member without authority to make application.

Where the constitution of a labor union provides for a death benefit, but requires that the benefit be paid only to a designated beneficiary, a widow, minor child or dependent relative, and that application in writing shall be made by such an applicant within one

year after the death of such member, if there is no designated bene-
ficiary and no relative to make the application it follows that it cannot
be made within one year next after the death of the member and that
all claim and right to such benefit shall, as further provided in said
constitution, thereupon wholly cease and determine. The parties
had a right to make this agreement and thus to construe the con-
stitution of the union does not shock the conscience nor call upon
the courts to enlarge simple language to make a more advantageous
contract for the members. An administratrix, therefore, of a member
who designated no beneficiary and died unmarried and childless, with-
out leaving a dependent relative, had no authority under the con-
tract to make application for the benefit.

*Reichle* v. *Perkins*, 194 App. Div. 153, modified.

(Argued January 16, 1922; decided January 24, 1922.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the fourth judicial
department, entered December 6, 1920, unanimously
affirming a judgment in favor of plaintiff entered upon a
verdict directed by the trial court.

*W. J. Evans* for appellant. The plaintiff, as admin-
istratrix of the estate of the deceased, was not entitled to
recover this benefit except the amount of fifty dollars for
funeral expenses. (*Doyle* v. *Carney*, 190 N. Y. 386;
*Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Ehrman*
v. *Bassett*, 159 App. Div. 752; *Morley* v. *Northwestern
Masonic Assn.*, 10 Fed. Rep. 227; *McClure* v. *Johnson*,
10 N. W. Rep. 217; *Hepner* v. *U. S. Grand Lodge*, 68
Misc. Rep. 340.) Even if it be conceded that the trial
court was right in holding that the plaintiff could main-
tain the action in her representative capacity as a *quasi*
trustee for herself, individually, her failure to make a
verified written application for the benefit as a dependent
relative bars her right to recover. (*Born* v. *Perkins*,
173 App. Div. 214; 223 N. Y. 605; *Tierney* v. *Perkins*,
178 App. Div. 391; *Wolf* v. *District Lodge*, 102 Mich.
23; *Hall* v. *District Grand Lodge*, 24 Ohio, 717; *Jennings*
v. *Chelsea*, 28 Misc. Rep. 556; *Badesch* v. *Congregation*,

23 Misc. Rep. 160; *Hart* v. *Adams*, 69 App. Div. 578; *Hess* v. *Johnson*, 41 App. Div. 465; *Morris* v. *Krakner*, 37 N. Y. Supp. 948.)

*Merritt N. Baker* for respondent. The spirit of the law and the intention of the constitution is manifest that payment of the benefits to some person shall not fail. (*Bishop* v. *G. L. E. O. of M. A.*, 112 N. Y. 627; *Hellenberg* v. *Dist. No. 1, etc.*, 94 N. Y. 580; *Brierly* v. *Eq. Aid Union*, 170 Mass. 218.) No matter who is entitled to the fund, plaintiff in her representative capacity represents them as a *quasi* trustee and may recover it in this action. (*Bishop* v. *G. L. E. O. of M. A.*, 112 N. Y. 627; *Pfeiffer* v. *Supreme Lodge*, 173 N. Y. 418.)

POUND, J. Louis Reichle became a member of the labor organization known as Cigarmakers' International Union of America, through membership in Local Union No. 2, on or about February 23, 1889. As such he became entitled to certain privileges in the way of providing that a person should receive a death benefit as hereinafter indicated. On November 26, 1915, he became insane and was committed to the Buffalo State Hospital, where he remained until he died on October 23, 1918. At the time of his death he was in good standing as a member of the union. He was unmarried and childless. He left two sisters, Lena J. Reichle, the plaintiff, and Mrs. Egan, his only heirs and next of kin. Lena J. Reichle was appointed administratrix of his estate and letters of administration were issued to her by the Surrogate's Court of Erie county on November 14, 1918. On January 24, 1919, she served notice, as such administratrix, upon the union and demanded payment to her of the sum of $550, claiming to be entitled thereto under the terms of the decedent's membership as indicated by the constitution of the union. The defendant refused to pay on the ground that the plaintiff was not a person

entitled to collect the amount demanded. This action was thereupon brought. The trial court directed a verdict in favor of plaintiff in the sum of $550 and interest, or $557.50. The Appellate Division unanimously affirmed the judgment entered on such verdict and the case comes here on appeal by permission of this court.

The question is as to the construction of the constitution of the defendant. It is not disputed that upon the death of decedent the sum of $50 should be paid to such person or persons as shall have paid the funeral expenses of such deceased member. Plaintiff, as such administratrix, paid the funeral expenses and is entitled to collect the $50. The constitution further provides, however, as follows:

" Sec. 144. Including the fifty dollars funeral or cremation expenses, there shall be paid upon the death of a member the following sums, viz.: If the decedent shall have been a member continuously for five years or longer period less than ten years next preceding his death, the sum of two hundred dollars. If the decedent shall have been such member continuously for ten years or longer period less than fifteen years next preceding his death, the sum of three hundred and fifty dollars. If the decedent shall have been such member continuously for fifteen years or longer period next preceding his death, the sum of five hundred and fifty dollars."

The person to whom this payment is to be made may be indicated as provided by section 144-c which reads as follows:

" Sec. 144-c. A member may at any time designate the person or persons to whom his death benefit shall be paid. Such designation shall be in writing, signed by such member and witnessed by the Secretary of the local union to which such member then belongs or by two other credible persons, and such member may at any time thereafter in like manner change such designation. If there be no such designation or if the paper making such

designation be not deposited with the President of the International Union within thirty days after the death of such member such benefits shall be paid to the widow of such deceased member, if there be no widow then to the minor children of such deceased member, and if there be no widow and no minor children of such deceased member, then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member. If there be no written designation produced and deposited as above required, no widow, no minor children, nor such dependent relative of such deceased member, or if no application in writing as hereinafter provided for the payment of such death benefit shall be made within one year next after the death of such member then all right and claim of any and every person to such death benefit shall wholly cease and determine. Such application shall state the name and date of the death of the deceased member, a statement of the facts on which such claim is based shall be verified by the oath or affidavit of the applicant and shall be accompanied by the official report of such death or certified copy of such report. In case the designation of the beneficiary of any such death benefit is made by a will the original of which is required by law to be filed in court, a certified or sworn copy of such will in lieu of the original may be deposited. Want of knowledge of the death of a deceased member, or of his membership or of the liability of the union to pay such death benefit, or of any other fact, thing or happening shall not operate to extend the time for the doing or performing of any act or thing herein required to be done or performed by any beneficiary or claimant of any interest in or to any such death benefit."

The deceased at no time designated a person or persons to whom his death benefit should be paid. He left no widow or minor children and it does not appear that he left any relatives who as matter of law at the time of

his death were dependent for support in whole or in part upon him.

The construction placed upon section 144-c by the courts below reflects credit on the disposition of the learned judges to avoid a forfeiture if possible, but its proper meaning according to the intention of the parties seems reasonably plain. Reichle had been a member of the union for twenty-nine years and eight months. He had during those years the right to designate a beneficiary, even by his last will. If he had married and left a widow or minor children, or even if he had left dependent relatives, *ipso facto* they became his beneficiaries under the terms of the constitution. The necessary inference is, however, that neither his estate nor his next of kin nor his creditors would be entitled to receive the death benefit provided for. Thus to construe the constitution of the union does not shock the conscience nor call upon the courts to enlarge simple language in order to make a more advantageous contract for the members. The constitution contains two distinct requirements: *First*, that the death benefit be paid only to a designated beneficiary, a widow, minor children or dependent relative; and, *secondly*, that application in writing for the payment of the death benefit shall be made by one entitled thereto within one year after the death of such member. If there is no designated beneficiary, widow, minor child or dependent relative to make the application it follows that it cannot be made within one year next after the death of the member and that all claim and right to such benefit shall thereupon wholly cease and determine. The language of section 144-c might be made more apt by expressing affirmatively what is put in negative terms, but the meaning is clear. A careful examination of the other sections of the constitution reveals no purpose on the part of the defendant to permit an application to be made except as heretofore indicated. The parties had a right to make this agreement. (*Born* v. *Perkins*, 173 App. Div. 214; affd.,

on the opinion of WOODWARD, J., below, in 223 N. Y. 605.) The plaintiff, as administratrix, clearly had no authority under the contract to make this application. She does not attempt to make it for herself as a dependent relative. There can be no recovery here except for the funeral expenses.

The judgment appealed from should be modified in accordance with opinion, and as thus modified affirmed, without costs.

HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., absent.

Judgment accordingly.