Charles F. Barnett, Administrator of the Estate of Lewis L. Hudnall, Deceased, Appellee, v. Brotherhood of Railroad Trainmen, Appellant.

## Gen. No. 31,240.

1. FRATERNAL ASSOCIATIONS—*who may be beneficiary.* A person not of a class for whose benefit a mutual benefit association is organized cannot be a beneficiary thereunder.

2. FRATERNAL ASSOCIATIONS—*reversion of certificate on death of member failing to designate qualified beneficiary.* Where a benefit certificate providing for payment, on the death of the member, of the amount stated in the constitution of the association to one named in

such certificate as the wife of such member, if then living, and, if not, then to his administrator, was issued upon such member's designation of that person as his wife, but she was not then or thereafter his wife and he died unmarried, no rights under such certificate accrued to his administrator, the agreement between the association and the member providing that if the member designated as his beneficiary any other than one permitted by the constitution, the certificate should revert to the association, and the designated beneficiary not being one of the permitted class.

3. FRATERNAL ASSOCIATIONS—*validity of agreement for reversion of certificate on death of member failing to name qualified beneficiary.* A provision of a mutual benefit association certificate that in the event the member to whom it is issued shall have designated as beneficiary thereunder one not of the class of persons permitted to be beneficiaries under the constitution of the association, such certificate, on the death of the member, shall revert to and become the property of the association, held not unenforceable as contrary to public policy.

Appeal by defendant from the Superior Court of Cook county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Reversed with findings of fact. Opinion filed February 1, 1927.

BUSBY, WEBER, MILLER & DONOVAN, for appellant.

H. CLAY CALHOUN and EDWARD BERNHARD ZAHN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This action was brought by the administrator of the estate of Lewis L. Hudnall, against appellant Brotherhood, to recover on a benefit certificate issued by it to said Hudnall as a member thereof.

The case was tried before the court without a jury, on stipulated facts and proof showing the heirs at law of said Hudnall, for whose benefit the suit is brought. The court found the issues for plaintiff and entered judgment on the finding for the face of the certificate, $2,000, and interest thereon, amounting to $2,704.80.

It is stipulated that the Brotherhood was organized

and carried on for the sole benefit of its members and beneficiaries, and not for profit, and does not do what is commonly known as life insurance business; that said Hudnall applied for membership therein October 19, 1923, and became a member December 7, 1923, and in compliance with his signed application said benefit certificate was issued to him and made payable to Mary Hudnall, whom he stated in the application was his wife, a member of his family and lawfully dependent upon him for support, which statements he warranted to be true, full and complete.

The benefit certificate declares him entitled to participate in the beneficiary department of the Brotherhood to the amount set forth in its constitution and provides that it "at his death shall be paid to Mary Hudnall, his wife, if living; if not, to the executor or administrator of said member's estate   *   *   *   for *   *   *   his heirs at law."

The certificate requires the member to comply with the constitution, general rules and regulations of the Brotherhood, and makes them, together with his application for the certificate and the medical examination a part thereof, and provides that they "together with this certificate constitute the contract between said L. L. Hudnall and said Brotherhood."

Section 63 of the constitution and general rules of the Brotherhood provides as follows:

"Payment of death benefits shall be only made, or certificates transferred to parents, children, legally adopted children, lawful wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother, step-children, blood relation, or persons lawfully dependent upon the member, provided that a member having no wife or children living may, with the consent of the Grand Lodge, make a charitable institution or a subordinate lodge of the Brotherhood his beneficiary.  In case a member makes a designation

other than permitted by this section the benefits of his certificate shall revert and belong to the Brotherhood. * * *"

It was further stipulated that at the time Hudnall applied for membership and when the benefit certificate was issued to him he was not married and never married thereafter; that the person referred to as Mary Hudnall in the application and certificate, and designated as his wife, is living; that she was never the wife of said Hudnall nor dependent upon him, and "does not come within any of the classes of eligible beneficiaries mentioned in said section 63"; that said Hudnall was at one time engaged to be married to her, but that she was married to one Crotty at the time Hudnall applied for membership in defendant and is still married to Crotty, although Hudnall did not know of her marriage until after he had applied for membership in defendant.

The declaration is in one count and predicated on the right of the administrator to have the amount of the certificate paid to him for the benefit of decedent's heirs at law.

It is apparent that the application failed to designate a beneficiary to whom payment could be made under the terms of the constitution, which forms a part of the contract, and it is so stipulated. That fact would seem to foreclose the necessity of any discussion. But appellee argues in substance that because a member could properly designate a "wife" as his beneficiary, and the certificate speaks at the time of his death and there was then no wife living, the facts present a contingency upon which payment may be made to the administrator for the benefit of the heirs at law. We fail to see any force to this argument. The constitution of the society and the contract manifestly contemplate the applicant shall designate as beneficiary a person that belongs to some one of the classes to whom payment of benefits may be made

thereunder.   The member admittedly designated one who did not come within any of those classes, because she was not his wife at any time, regardless of his intentions.   A person not of a class for whose benefit a mutual benefit association is organized, cannot be a beneficiary.   (*Alexander v. Parker*, 144 Ill. 355; *Warner v. Modern Woodmen of America*, 67 Neb. 233.)   It seems perfectly clear, therefore, that the contingency upon which payment may be made to the administrator did not arise, and the member having made a designation other than permitted by the constitution the benefits of his certificate must, according to the express terms of the constitution and the contract, revert to and belong to the Brotherhood.

If the contract does not contravene any principle of sound public policy—and it is not shown, nor does it appear, that it does—we must uphold the conditions of the certificate and enforce the contract, for it is fundamental that the courts cannot make a new contract for the parties.   (*Covenant Mut. Life Ass'n v. Kentner*, 188 Ill. 431, 440; *Kelly v. Brotherhood of Railroad Trainmen*, 308 Ill. 508, 512; *Steen v. Modern Woodmen of America*, 296 Ill. 104, 118.)   Cases before our Supreme Court cited by appellee, where the beneficiary designated was not eligible to take, and it was held the fund was payable to some one or more of a class to whom benefits may be paid, are not in point and need not be discussed, for in none of those cases was there a provision of the contract that the fund should revert to the society, nor did the society question its liability, but filed a bill of interpleader admitting it.   While it is said that there is no case in this State bearing directly upon the validity of such a clause, it may be inferred from the language of the court in *Knights & Ladies of Honor v. Menkhausen*, 209 Ill. 277, that such a provision is enforceable, for it says:

"If societies of the character of appellant desire to be protected from such contingency," (failure to designate an eligible beneficiary) "that object must be accomplished by a condition to that effect written into their contracts, failing which the law will not absolve them from liability.   *   *   *   In the absence of a contract to that effect, public policy will not permit the society to appropriate unto itself the fund which it has agreed to pay, merely because the life of the insured has been unlawfully taken."

There was a like ruling in *Supreme Lodge, N. E. O. of P. v. Hine,* 82 Conn. 315, 73 Atl. 791, where there was no provision for reversion of the fund to the society and the society, admitting liability to some one, filed a bill of interpleader. The court said:

"Where statutes fix the classes of persons for whom the fund shall be accumulated, the persons so indicated will take where there has been no designation or a void designation, of a beneficiary, *unless otherwise provided by statute or the laws of the society."*

But here no statute is pointed out or relied upon as governing this case, or that renders invalid the express provision for reversion of the fund. It is not ambiguous and the only question arising is, Is it enforceable?

While, as pointed out, there is no direct decision of that question in this State, it has been passed on in other jurisdictions. *Grand Lodge A. O. U. W. v. Cleghorn* (Tex. App.), 42 S. W. 1043; *Walker v. Young Men's St. M. Mut. Aid & Benev. Ass'n,* 148 La. 962, 88 So. 232; *Reichle v. Perkins,* 232 N. Y. 435, 134 N. E. 336; *Grand Circle, Women of Woodcraft v. Rausch,* 24 Colo. App. 304, 134 Pac. 141, 144. In each of these cases a provision for the reversion of the fund to the society, or for its nonliability, for failure to designate an eligible beneficiary, was held binding. In the *Cleghorn* case the laws of the society provided that each member might designate the person to whom his mor-

tuary fund should be paid; that should such person die before the member, the fund should be paid to the member's surviving widow and children; and if there should be no one living, entitled to the fund, it should revert to the society. The member never designated any beneficiary. The court held that there could be no beneficiary to take, unless at some time the member has made a designation, that he alone had the power to make it and he having failed to exercise it and thus comply with the terms of the contract there was no liability on the part of the association, and that the fund by the express terms of the contract reverted to it.

In the *Walker* case, the suit for recovery was brought for the member's minor children, but the court held that the designation of the member's concubine, an ineligible beneficiary, was no designation at all, and that under the express terms of a by-law in such case that the "society will not be liable," etc., it was not liable.

In the *Reichle* case no beneficiary was designated and suit was brought by the administratrix of the estate. The by-laws of the society provided that a member might at any time designate a beneficiary, but that if the member did not, and if he left no widow, minor children, or dependent relations—and he left none— all right and claim of any person to the death benefit should wholly cease and determine. The court sustained the right of the parties to make the agreement and held that the administratrix could not recover.

In *Grand Circle, Women of Woodcraft v. Rausch, supra,* the husband of the member was named as beneficiary and later killed his wife and then himself. But the court felt bound to uphold a provision of the policy for reversion of the fund in case the member to whom the certificate was issued should be murdered by any beneficiary named therein.

226    APPELLATE COURTS OF ILLINOIS.

Barnett v. Brotherhood of Railroad Trainmen, 243 Ill. App. 219.

Other cases are cited by appellant where the non-liability of the society for failure to designate an eligible beneficiary was upheld. But as in those cases there was no express provision for forfeiture or reversion of the fund they will not be considered.

In some cases a distinction, which we need not dwell upon, is noted between mutual benefit societies and regular life insurance companies in the fact that the latter are operating upon a reserve basis and the policy always has a pecuniary or cash surrender value. *(Cook v. Supreme Conclave, etc.,* 202 Mass. 85, 88 N. E. 584; *Eastman v. Provident Mut. Relief Ass'n,* 62 N. H. 555; *Warner v. Modern Woodmen of America,* 67 Neb. 233.)

We, therefore, hold with the weight of outside authority, there being no authority to the contrary in this State, and it not appearing that the provision of reversion contravenes sound public policy, and the contract being one which the parties were competent to make, it must be enforced according to its plain provisions.

Accordingly the judgment is reversed with findings of fact.

*Reversed with findings of fact.*

GRIDLEY, P. J., and FITCH, J., concur.

Findings of fact. We find that the decedent, L. L. Hudnall, failed to designate an eligible beneficiary, and that the provision in his benefit certificate for reversion of the fund to the society for such failure does not contravene sound public policy.