WILLIAM H. NAGLE, as Executor of the Last Will and Testament of WILLIAM SCHUTRUM, Deceased, Plaintiff, *v.* GEORGE W. PERKINS, as President of the Cigarmakers' International Union of America, an Unincorporated Association of More Then Seven Members, Defendant.

City Court of Buffalo, October 18, 1927.

Insurance — fraternal benefit insurance — action by decedent's executor to recover death benefit from defendant union — constitution of union provided that any member neglecting to designate beneficiary of fund might make designation by will — will, giving decedent's real and personal property to his children, share and share alike, is sufficient designation of beneficiary — death benefit should be paid decedent's executor.

This is an action by decedent's executor to recover a death benefit of $500 from defendant union, in which decedent was a member in good standing at the time of his death, and is based on a section of defendant's constitution whereby any member who neglected to designate a beneficiary of the death fund in writing in his lifetime might make such designation by will. Decedent failed to designate a beneficiary as required by the constitution, but left a will by which he directed that all his real and personal property of every name and nature, wheresoever situate, be divided equally between his children, naming them, share and share alike. Since a fair construction of the constitution warrants a finding that all the organization desires is knowledge of the person or persons to whom a deceased member wishes the death benefit to be paid,

decedent's will devising and bequeathing all his property to his children, specifically naming them, is a full and complete designation of beneficiaries as required by the constitution of the union and consequently the fund should be paid to the executor.

ACTION by executor to recover death benefit from defendant union.

*John H. O'Day,* for the plaintiff.

*William J. Evans,* for the defendant.

HARTZELL, J.   This action is brought by William H. Nagle, as executor of the last will and testament of William Schutrum, deceased, against the defendant, to recover a death benefit, amounting to $500.   The defendant is the international president of the Cigarmakers' International Union of America, which is an unincorporated association.   This International Union has a constitution and is composed of members of various local unions situate throughout the United States and Canada.   The members of the union are required to pay into the organization certain dues and assessments, and in return they receive, among other things, certain sick benefits, strike benefits, etc., and also, upon the death of a member in good standing, funeral benefits, and also a death benefit is paid either to such deceased member's designated beneficiary, or in the event of there being no such designated beneficiary the same is payable to certain defined classes of beneficiaries, all of which are more fully explained by the section of the constitution where this matter is referred to.   It also provides that, if there be no person or persons within such classes who are entitled under the constitution to take such benefits, then the benefits revert to the union.

In the case at bar the plaintiff seeks to recover the death and funeral benefits, amounting to $500, of one William Schutrum, a member, deceased, the plaintiff claiming to be entitled to the same by virtue of being the executor of the will of the said deceased member, and by virtue of the claim that said deceased member had complied with said section of the constitution by designating a beneficiary in said last will and testament.   There is no dispute between the parties as to the amount of the benefit, and it is also conceded that, if the plaintiff is the duly designated beneficiary of the deceased, William Schutrum, he is entitled to recover the said sum of $500 in this action.

The section of the constitution referred to above is as follows, viz.:

" Sec. 140c.   A member may at any time designate the person or persons to whom his death benefit shall be paid.   Such designation shall be in writing, signed by such member and witnessed by

the Secretary of the local union to which such member then belongs or by two other credible persons, and such member may at any time thereafter in like manner change such designation. If there be no such designation or if the paper making such designation be not deposited with the president of the International Union within thirty days after the death of such member such benefits shall be paid to the widow of such deceased member, if there be no widow, then to the minor children of such deceased member, and if there be no widow and no minor children of such deceased member, then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member. If there be no written designation produced and deposited as above required, no widow, no minor children, nor such dependent relative of such deceased member, or if no application in writing as hereinafter provided for the payment of such death benefit shall be made within one year next after the death of such member then all right and claim of any and every person to such death benefit shall wholly cease and determine. Such application shall state the name and date of the death of the deceased member, a statement of the facts on which such claim is based shall be verified by the oath or affidavit of the applicant and shall be accompanied by the official report of such death or certified copy of such report. In case the designation of the beneficiary of any such benefit is made by a will the original of which is required by law to be filed in court, a certified or sworn copy of such will in lieu of the original may be deposited. Want of knowledge of the death of a deceased member or of his membership or of the liability of the union to pay such death benefit, or of any other fact, thing or happening shall not operate to extend the time for the doing or performing of any act or thing herein required to be done or performed by any beneficiary or claimant of any interest in or to any such benefit."

In the case at bar it is conceded that the deceased member left no widow, minor children or dependent relatives, nor did he designate a beneficiary as provided by the above provision of the defendant's constitution, outside of the designation claimed by the plaintiff as set forth in the deceased member's will. While the will of the deceased member does not refer in specific terms to the benefit fund provided for by the constitution of the union, yet it is the claim of the learned counsel for the plaintiff here that the designation of the beneficiary is fully and completely made by the will of the deceased member, wherein he bequeaths and devises unto his children, William A. Schutrum, Peter C. Schutrum, Lydia Howe, Carrie Nagle and Louise Schutrum, wife of Albert H.

Schutrum, all his real and personal property of every name and nature and wheresoever situate, to be divided equally between the children, share and share alike, and, in the event of the death of any of the above legatees before his death, his or her or their shares to be paid to their children, share and share alike.

The only question in this case presented to the court for decision is whether or not the deceased member, William H. Schutrum, made the designation of the beneficiary of the death benefit fund as required by the terms of the constitution of the order. I have given careful consideration to the matter involved, and have examined with care the cases cited by counsel for the defendant and the arguments of counsel for the parties in their respective briefs in reference thereto. While they, beyond question, point out the law as it exists in reference to the particular cases before the court, I feel that they are, in the main, to be distinguished in principle from the case at bar.

Of course, it is clearly established that the only contract between the members of the union and the organization is the constitution and by-laws of such union, as laid down in the case of *Badesch* v. *Congregation Brothers of Willna* (23 Misc. 160). In the case of *Reichle* v. *Perkins* (232 N. Y. 435) it appears that the action was brought by the plaintiff as administratrix of the deceased, and the Court of Appeals, in vacating the judgment of the trial court and the Appellate Division (194 App. Div. 153), sustaining the same, merely holds that the plaintiff, as such administratrix, did not come within the provisions of the constitution and could not recover.

The evidence in that case shows that the deceased member was in good standing in the union, and that he was unmarried and childless. He left two sisters, one of them being appointed administratrix of his estate, and she demanded payment from the union of the sum of $550, claiming to be entitled thereto under the terms of the constitution of the union. The defendant refused to pay, on the ground that the plaintiff was not the person entitled to collect the amount demanded. Furthermore, there was no designation at any time by the deceased member of any person or persons to whom his death benefit should be paid. He left no widow, no minor children, nor does it appear that he left any relatives who were dependent upon him for support, in whole or in part, as provided by the constitution.

It is apparent from the evidence in that case that the deceased member failed to come within the provisions of the constitution, so that the plaintiff would not be entitled to recover the benefit fund, and it is upon that ground of the failure to comply, and the court pointed out that during the years of his membership the

deceased member at no time made any designation of any beneficiary, although the court significantly states that he had during all those years of his membership the right to designate a beneficiary, *even in his last will.* The court further states that there are two distinct requirements in the constitution necessary to entitle that beneficiary to be entitled to this fund: *First,* that the death benefit be paid only to the designated beneficiary; and, *secondly,* that an application in writing in regard to the death benefit shall be made by one entitled to it within one year after the death of such member. Neither of these necessary conditions was complied with in such case, and the court properly held that under the terms of the constitution all claim to such benefit fund ceased and determined, and that the same reverted to the union.

The case of *Tierney* v. *Perkins* (178 App. Div. 391) also contains a different state of facts from the case at bar. The husband of the deceased member of the union, Mary E. Tierney, sought to obtain the benefit fund in that action upon the theory that he was a dependent relative of the deceased wife. The court properly held that there was no provision in the constitution recognizing or granting the right to a husband of the deceased member to the benefit fund. The court says he was not entitled to be given the death benefit upon the construction of the word " widow," nor was he dependent upon his wife in any legal sense. Thereafter the husband of the deceased member again brought an action against the defendant, and received permission to amend his pleadings, and sought to recover the benefit fund, both individually and as administrator of his wife, reported in 193 Appellate Division, 611, claiming the right of recovery on behalf of heirs at law of said deceased, Mary E. Tierney, under the provisions of the constitution as they existed prior to an amendment made thereto in 1912. In that case the court, it having been decided in the previous case that he had no standing as a dependent relative, also held, in order to succeed in the second case, that he must establish the fact that the amendment of 1912 was an illegal act, being unreasonable. The court said the power of selection of the desired beneficiary of the deceased member was not in the least affected by the amendment, and that the said amendment was reasonable, and that neither she nor any other person was deprived of a vested right thereby. That case has no bearing whatsoever on the case at bar.

In the case of *Born* v. *Perkins* (223 N. Y. 605) the action was brought by Born and others, heirs at law of James Born, deceased, and others, against Perkins, as president of the Cigarmakers' International Union. The constitution at that time provided that, in case

no beneficiary was designated, *by will or otherwise*, the said benefit fund should be paid to the heirs at law. The constitution further provided that, in order for any claimant to receive said benefit fund, a claim thereto shall be duly verified and filed within one year after the death of the member, being the same provision contained in the present constitution. It appears from the evidence that the plaintiffs did not learn of the death of the said deceased, and made no claim for payment of such benefit, until four years after the death of the deceased member. The plaintiffs contended that they were entitled to the payment of the fund, claiming that, not having gained knowledge of the death of the deceased until the year's limitation for the filing of their claim had expired, they were excused from such compliance with such requirement of the constitution. The court denied such claim, and said that no claimant to the benefit fund could be entitled thereto without filing a claim within one year after the death of the deceased member.

In the case in the City Court — that is, Lena T. Brueckmann against George W. Perkins, as President, etc.— the plaintiff sought to recover the death benefit under a written designation, but the designation was not witnessed by two persons as provided by the defendant's constitution. The court dismissed the case on account of that fact.

The only question in the case at bar is whether or not there is sufficient designation by the will of the plaintiff to entitle the plaintiff to the benefit fund. It is conceded that all the other requirements of the constitution have been complied with; also that the deceased member left no widow, no minor children and no relatives dependent for support, in whole or in part, upon such deceased member; that a certified copy of the will was duly deposited with the president of the International Cigarmakers' Union within thirty days after the death of the member, as required; that within one year next after the death of such member a written application, stating the name and date of the death of the deceased member, and a statement of facts upon which such claim was presented, and verified by the oath of the applicant, and accompanied by an official report of the death, was duly filed, as required by the constitution.

When an artist seeks to portray by his brush a landscape, a portrait, or some other conception of his brain or fancy, he first prepares a background, so that his picture may be clear and distinct. The background gives emphasis to the thought he would express by his brush, and brings into clear relief all the features and colors of his work, and serves to make distinct its meaning and its message. We have before us in the case at bar a picture which we are

studying, in an endeavor to learn its true meaning and intent. So let us examine the background upon which the picture rests that we may learn something of its purpose and see what it really means. An examination of the constitution and by-laws of the defendant association shows us that it is an organization of working-men in a certain branch of handicraft, established by themselves for their mutual benefit and welfare. On the first page of the constitution and by-laws it declares its purpose to be the amelioration and emancipation of labor.

It is in no sense a business organization or a money-making scheme. Its spirit is not commercial, but altruistic. It sets forth no purpose of gain, but seeks solely the welfare of its members. It is not a corporation organized for profit, but partakes rather of the nature of a great brotherhood, devoted to the principles of mutual service. To each it gives a helping hand. It aids the poor, the sick, the weak, and when death shall end a member's labor it provides a fund for such beneficiaries as he may deem needful or worthy of his bounty.

It is plain, therefore, that one great purpose among its numerous benefactions is the giving of a sum of money to a member's beneficiaries or dependents upon his death. As a natural corollary to its fraternal work, during a member's lifetime it makes provision of financial aid at a time when such aid is most needful. It may be just as needful when the deceased member leaves no widow or minor children as otherwise. There are others, bound to him by close ties of blood and affection, who may be dependent upon him, or to whom he may be indebted for assistance and support and to whom he feels he owes a debt of gratitude, which can only be discharged with honor by bestowing upon them the benefit fund that he has so carefully nurtured during his lifetime.

It is clear, therefore, that the intent of the defendant's organization is that the deceased member shall receive the benefit of the death fund — *not that it shall be forfeited.* Such idea would be repugnant to the expressed purpose of its organization and its humane and beneficial practices of many years of its existence. It is natural to assume that this intent is not only recognized by the organization itself, but is so understood by its members. It is true that the organization very properly makes a disposition of this fund in case the deceased member fails to designate a beneficiary; and naturally and properly it provides that, in case there is a failure to make such designation, the fund shall revert to the treasury of the organization. It will be noticed that, carrying out its spirit and purpose and in keeping with its aims, the organization is so careful of its members' welfare that, in case any member

neglect to make the designation of his beneficiary in writing and file the same with the organization in his lifetime, as required by the constitution, it also provides *that he may do so by his will.*

The intent of the organization, so clearly expressed, and upon which the member has a right to rely, is to bestow the benefit fund in accordance with the wishes of the member, not to escheat it. In sum and substance, all that the organization desires is knowledge of the person or persons to whom the deceased member wishes the benefit fund to be paid. This knowledge is furnished by the decedent's will. Therein he specifically points out by name the persons to whom the fund shall be paid, when he bequeaths to them " *all* of his property of every name and nature and wheresoever situate."

It seems to me that the will of the decedent, devising and bequeathing all his property, both real and personal, of every name, nature, and wheresoever situate, and specifically stating by name the various children as beneficiaries who are to receive the same, is a full and complete designation of beneficiary as required by the constitution of the order. The paragraph of the will referred to is as follows:

" *Second.* I hereby give, devise and bequeath unto William A. Schutrum, Peter C. Schutrum, Lydia Howe, Carrie Nagle, formerly Carrie Schutrum, and Louise Schutrum, wife of Albert H. Schutrum, all my real and personal property, of every name and nature and wheresoever situate to be divided equally between them, share and share alike; and in the event of the death of any of the above legatees before my death, I direct that his, her or their shares be paid to their children, if any, and in the event that they should die without children, I direct that such share be divided equally between the other said legatees or their children, share and share alike."

The counsel for the defendant, in opposing the recovery of the death benefit provided for by the constitution, argues that many of the rules governing life insurance policies are not relevant to the case at bar, in view of the fact that the evidence in the case reveals that, in addition to the death benefit provided for by the constitution, the union also pays the members sick benefits, out-of-work benefits, strike benefits, and makes loans to its members out of work, or those desiring to seek work in other communities. I do not see how this has any bearing upon the situation. It is a matter of common knowledge that all the modern life insurance companies write policies daily where they provide sick benefits, accident benefits and health benefits in the same policy carrying the death benefit upon the decease of the member insured. So

far as this is concerned, I am of the opinion that the death benefit provided in the constitution in the case at bar is just as much an insurance policy, to the extent of $500, upon the death of a member, as any ordinary insurance policy in any company.

The deceased member had been a member of this order for thirty-one years and was in good standing, having faithfully paid his dues and assessments and complied with all the requirements of the union during this long period of time. Can it be said that, after paying his money into the order for so many years, he did not have in mind that he was thereby providing an insurance fund, upon his death, for his family who should survive him? To my mind it is clear that he intended to provide for his family, by the fact that he carefully drew his will, therein devising and bequeathing all his real and personal property of every name and nature, and wheresoever situate, to his children; that in making said will it was his intention, by said will and the names therein contained, to designate his children as the beneficiaries of this fund in the Cigarmakers' Union. I feel that to decide otherwise would be to ignore the common sentiments of parental care and love, and the duties and obligations of fatherhood and citizenship, the common instincts of the human heart and mind, and the ordinary conduct and actions of a normal man. *The constitution specifically provides for a designation of the beneficiary by a member by will.*

It has been urged here by the defendant that the constitution is the contract between the order, the union, and the member, and that he must be governed by its terms and provisions. This being so, it naturally follows as a corollary that the member must be fully acquainted with the provisions of the constitution in reference to the benefit fund, in order to comply therewith and receive its benefits. It must be presumed that, having understood the provisions of the constitution well enough to faithfully and fully perform his duties and pay his dues and assessments for the period of thirty-one years, he also understood the fact to be that the constitution particularly points out to him and granted him the privilege and the right to make his designation of his beneficiary by his will, and having that in mind, and taking upon himself the solemn obligation of providing for his family by his last will and testament, he intends to convey to them by this instrument this benefit fund, which he has so carefully nurtured and created by his thoughts, his labor and his money throughout this long period of time.

It seems to me that this is the reasonable and logical interpretation to be adopted in this case. There is nothing here that conflicts in any sense with the authorities that have been cited by the

learned counsel for the defendant; in fact, they seem to me to be entirely in harmony with the points of law the counsel has advocated. I understand it to be conceded by the defendant that, if the deceased member in his will had said that he gave or bequeathed the benefit fund of the Cigarmakers' Union to his children, it would have been effective to have transferred the fund to them and create a liability on the part of the defendant to pay the same.

In my examination of the subject, I have not been able to find any case that in its facts is directly in point with the instant case under consideration by the court. An examination of these authorities, however, brings to light certain cases that seem analogous to the case at bar. While they have to do, in the main, with the interpretation and effect of various clauses used in the several wills of the testators in the cases under consideration, and the instant case before us for consideration presents the question of the interpretation and effect of the constitution of the defendant organization in connection with the will of the deceased member, I feel they may properly be cited here upon the question before us in the case at bar, and help point the way to the conclusion reached by the court.

In the case of *Harvey* v. *Van Cott* (71 Hun, 394) the testatrix, Mrs. Van Cott, held an insurance policy on the life of her husband, payable to her, or, if she be not alive at the time of his death, to her children, it passes by a residuary clause of her will, she being childless, and her husband surviving her; also held that such policy of insurance is, *like other personal property* bequeathed by the residuary clause, subject to the control and disposition of the executors. The court, by PARKER, J., in the course of its opinion says: " In the case before us Mrs. Van Cott has not, in terms, made any specific bequest of the policy in question. She has not specifically mentioned it as a part of the property bequeathed, but after giving certain property to her husband, she gives ' all the rest, residue and remainder of my estate of every name and nature,' to her niece   *   *   *. She does not in any way except it from the operation of her will (the language of the residuary clause is ample to include it), and we must, therefore, infer that she intended it to pass by such will."

The courts have construed similar provisions of wills in various cases that point to the finding of the court in the case at bar. In the case of *Gentner* v. *Free Masons' Relief Assn. of St. John's* (11 Phila. [Penn.] 252) the testator in his lifetime was a member of the defendant association. Its by-laws provided a death benefit or insurance fund, payable to the widow or children, of one dollar

52

for each member of the association, and further provided as follows: " A member who dies, leaving neither [widow] nor children to survive him, may ' dispose  *  *  *  or bequeath such sum or sums of money as the widow or children  *  *  *  would receive.' "

John Kolb died, leaving a last will and testament, making his sister Gertrude the beneficiary thereof. His executor demanded of the defendant relief association payment of the insurance fund provided by the by-laws of one dollar for each member of the association, which payment was refused by the defendant on the ground that the same did not pass to the executor by virtue of the terms of the will. The testator bequeaths to his sister Gertrude certain articles mentioned in his will, and adds: " Also the bonds which are with Edward Smith, broker, No. 1121 Walnut street, and also all the money coming from all the lodges, etc., to me; also all outstanding bills, notes and judgments; she shall get all collected. *I will all to her what I own, when I die,* I received through her."

The court says: " We think the intention of John Kolb was to give all of his estate to his sister, adding, as he does to the gift of the property specifically mentioned, the general clause: ' I will all to her what I own when I die.' If there had been no particular mention of property bequeathed to his sister, and the testator had made a will, saying, ' I give and bequeath all the personal estate of which I shall be possessed at the time of my death to my sister Gertrude,' she would take the entire personal estate, wherever found and of whatever it might consist."

In the will of John Kolb there is a direct mention of the possession of property at the time of his death, which he wills all to his sister. This is broad enough to cover the item of claim in dispute between the plaintiff and the defendant. It is not necessary to refer to the phrase " also all the money coming from all the lodges," etc.

In this case we have a situation very similar to our own. In each case the testator was a member of a fraternal union providing a death fund payable at the member's death, the said member having the power by the by-laws of the organization to dispose of such fund by will. As in the instant case before the court, so in the *Gentner* case, the testator did not specifically bequeath the insurance fund by words or description; but the court held that, notwithstanding that fact, the insurance fund passed to his beneficiaries by the general language of the testator's will.

In the case of *Keller* v. *Gaylor* (40 Conn. 343, 348) the testator had insured his wife for his benefit with the provision, if he died before she did, the insurance would go to his children. He died before her, leaving no children, and by his will gave her " all the

rest and residue of [his] estate both real and personal, in whatever it may consist or wherever situated, to be hers without restraint and absolutely." After the death of the wife the insurance company paid the money to John D. Budau, the administrator of Gaylor's estate with the will annexed. Held that, upon the death of the wife, the insurance moneys became payable to his executor as assets of his estate, under the general clause of the will. The court said: " The words of Mr. Gaylor's will * * * are very strong. He gives to her ' all the rest and residue of [his] estate both real and personal, in whatever it may consist or wherever situated, to be hers without restraint and absolutely.' We think this language conveys to her all that " he possessed. " She became entitled to the policy of insurance as a chose in action belonging to him at " the time of " his death. Her representatives are therefore we think entitled to the insurance money received by the administrator, Mr. Budau."

In the case of *Halsey* v. *Paterson* (37 N. J. Eq. 445) the testator died making bequests to his wife. She survived her husband eight days and died, leaving a last will and testament. In addition to other property, she owned two policies of insurance on the life of her husband, payable to her and her assigns in case she survived her husband. After making certain specific dispositions and bequests of her property, without specifically making any mention of her insurance policies, in the 4th clause of her will she bequeathed certain other persons " all the rest and residue " of her property. The court held that the insurance money passed to her beneficiaries named in the 4th clause of her will, as it was her intention to bequeath " all " her property remaining.

In view of the foregoing, a judgment is rendered in favor of plaintiff and against defendant for the sum demanded in the complaint.