Adelaide Kennedy, Guardian of William J. Kennedy, Appellee, v. Electrical Workers Benefit Association, Appellant.

Gen. No. 36,755.

Heard in the third division of this court for the first district at the June term, 1933. ▉▉▉ Opinion filed March 14, 1934. Rehearing denied March 30, 1934.

HOPKINS, STARR & GODMAN, for appellant; MARCUS WHITING, of counsel.

GEORGE C. BLISS, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from a judgment of the superior court in favor of the plaintiff for $1,000, based on a policy of insurance issued by The Electrical Workers' Benefit Association. The judgment was entered after the court had sustained general demurrers to certain affidavits of defense filed by the defendant and had struck the amended affidavit of defense from the record.

The action was based on a contract of insurance entered into in 1922, between the defendant and one G. A. Kennedy, father of William J. Kennedy, a minor, on whose behalf this action was brought by Adelaide Kennedy, his guardian.

The defendant is a fraternal benefit association incorporated under the laws of the District of Columbia. Its by-laws restrict the persons who may become beneficiaries to a limited class, among which is the wife of

the insured. At the time the original policy was issued Adelaide Kennedy, who is bringing this action in behalf of her minor son, was the wife of G. A. Kennedy, the insured, and was named as such in the policy. Subsequently, she and her husband Kennedy were divorced. After the divorce proceedings Kennedy requested the defendant to cancel the benefit certificate naming Adelaide beneficiary and to issue in lieu thereof a certificate in favor of Phyllis Kennedy, his wife. He claimed to have married after his divorce. G. A. Kennedy died in August, 1931. Phyllis Kennedy, the alleged wife, submitted proof of death and the defendant paid her the $1,000, which was the face amount of the policy. Defendant claims that at the time of the payment of this policy it had no knowledge that anyone questioned the validity of the marriage of Kennedy to his alleged second wife Phyllis.

Plaintiff asserts that Phyllis Kennedy was not in fact the legal, lawful wife of G. A. Kennedy, and that the defendant should again pay the amount of the policy to the next of kin of the insured who is William J. Kennedy, his minor son, according to the by-laws of the defendant which requires that a policy of insurance taken out by a member of the defendant should be made payable to a member of his immediate family.

By-law 7, under which plaintiff seeks to recover, provides:

". . . That said beneficiaries shall be confined to the families, heirs, blood relatives, affianced husband or affianced wife of the member or to persons dependent upon the member. Every member shall have the privilege of changing his beneficiary within the limitations expressed in this By-Law VII. Upon the failure of any member to name an original beneficiary or to name a new beneficiary after the death or inability to take of one previously named, the said death benefit shall be payable to the person or persons who are en-

titled to take the personal property of the deceased member in accordance with the laws of the domicile of such deceased member governing the distribution of personal property in case of intestacy. . . ."

Defendant relies upon the same by-law, namely, by-law 7, which provides that in the event the deceased shall have named someone in a policy who in fact was not included within the limited class, nevertheless, in the event the defendant should pay the amount of said policy to such designated person before it discovers the falsity of the statement, the association shall not again be required to pay said benefit to any other person. That part of the by-law in question reads as follows:

"Section 1. . . . The relationship to the member of the beneficiary named by him shall be stated by him and set out in the benefit certificate. If any member shall name a beneficiary who does not bear to him the true relationship stated by him and appearing in his benefit certificate and who does not fall within the classes of persons permitted by this By-Law VII to be named as beneficiary, the Association, upon discovery and actual communication to the Supreme Lodge of the falsity of said statement of relationship before it has paid said benefit, shall pay the benefit to the person or persons who are entitled to take the personal property of the deceased member in accordance with the laws of the domicile of such member governing the distribution of personal property in case of intestacy; and if said falsity of statement of relationship is not discovered and actually communicated to and received by the Supreme Lodge until after the payment by the Association to the beneficiary so named, the Association shall not be under any obligation again to pay said benefit to any other person."

Plaintiff's declaration consisted of one count. To this defendant filed seven amended pleas and an

amended affidavit of defense. The first plea was the general issue. The second plea alleges payment under the policy to Phyllis Kennedy, the widow and beneficiary designated by him. The third plea sets forth the cancellation of the original benefit certificate in favor of Adelaide Kennedy; the issuance of the new certificate in favor of Phyllis Kennedy, upon the representation by the insured that she was his wife, and the payment to Phyllis. This plea further sets forth that portion of the by-laws providing that such payment to her should end the liability of the defendant together with an allegation that no one other than G. A. Kennedy had any vested interest in the contract. The fourth plea is similar to the third but charges that where payment is made to an ineligible beneficiary, on reliance of the representations of the insured, it is a proper payment. The fifth plea charges that the plaintiff did not make proper proof of death. The sixth plea is similar to the third and fourth. Demurrers were filed to the second, third, fourth, fifth, sixth and seventh pleas, but no demurrer was filed to the first. In the amended affidavit of defense it was charged that the defendant was protected by the by-laws in paying the benefits of the policy of insurance to Phyllis Kennedy. This is the question for our determination.

We are of the opinion that the question was sufficiently presented to the trial court in the pleas and the affidavits of merits to raise this defense.

Plaintiff relies largely upon the case of *Royal League v. Shields,* 159 Ill. App. 54. A reading of that case, however, shows that the money had not been paid out by the insurance company, but The Royal League, a fraternal benevolent association, filed its bill of interpleader and brought the money into court for final disposition. If the defendant in this case had had notice of the claim prior to the payment, as provided by the by-laws, and had brought the money into court, we

would have been confronted with an entirely different situation. In such a case the defendant would have been apprised of the alleged falsity of the statement of relationship and would have been warned of its liability in the event it proceeded thereafter to pay the claim as is charged it had done.

The case of *Duenser v. Supreme Council Royal Arcanum*, 262 Ill. 475, was a case where the Benevolent Association did pay the claim, supposing it was paying it to one who was the lawful widow of the assured. The court in its opinion said: ". . . there is nothing in the record to show that any evidence of such dependency (naming the wife) was given or required, either at the time of the issuance of the benefit certificate or at the time of its payment, which under the rules of the society would be necessary in the case of issuing or paying benefit certificates to those who were dependent." It does not appear from that case that there was a by-law similar to the one in the case at bar under which the policy was issued to the deceased Kennedy. At the time of making this contract, by which the policy was issued, none of the beneficiaries or next of kin had any vested interest in the policy.

At the time Kennedy took out the policy with The Electrical Workers' Benefit Association, the defendant here, it was agreed that if the association paid out any money on the policy to a person named as beneficiary without knowledge of the fact that such beneficiary was not included in the class entitled to benefit it should, nevertheless, be protected. This, of course, was in accordance with the understanding that such money was paid by the defendant in reliance on the insured and his statements that the beneficiary came within the limited class. The defendant had no means of knowing of the relationship except by the proof of loss furnished which, in this case, was apparently done within the allotted time by Phyllis Kennedy, the per-

son named in the policy and who it is claimed was not, in fact, the wife of Kennedy. By its contract with the insured it was guaranteed under the by-laws against loss in the event it paid the claim without knowledge of any facts which would vitiate the policy. This by-law was adopted by all the members of the defendant for the mutual protection of their association.

We see no reason why this agreement would be void or in contravention of public policy. It is a protection against the fraud of its own members, and while the statutes, Cahill's Illinois Revised Statutes, ch. 73, ¶ 488, provides that the beneficiary shall be a member of the family, etc., nevertheless, the benefit association had the right to protect itself by contract against loss by payment to those named as beneficiaries in the policy.

This court in the case of *Barnett v. Brotherhood of Railroad Trainmen,* 243 Ill. App. 219, held that where a policy such as in the case at bar was issued with a beneficiary named therein as wife, who was not so in fact, that such policy was void, as the person designated therein did not come within the class provided by the by-laws of the association. If this rule were followed in the case at bar it might be that the existing policy, there being no proper beneficiary named therein, would be void. No one could raise the question of the payment by the insurance company to Phyllis Kennedy, or any other person, under the then existing conditions. The case before us, however, is stronger in that this payment is further directed by the provisions of the by-laws already referred to, namely, that in the absence of notice to the contrary, the defendant had the right to rely upon the statements made in procuring the policy and make payment thereon in complete satisfaction of any claim against it by reason of the death of the insured. This precise question has not been before the courts of this State, as we can find,

but we are of the opinion that the contract as entered into was governed by the by-laws in force and which were a part of the agreement.

We are, therefore, of the opinion that the court erred in sustaining the demurrer to the pleas and striking the amended affidavit and entering judgment for the plaintiff.

For the reasons stated in this opinion the judgment of the superior court is reversed and the cause remanded for a new trial with directions to proceed with the views expressed in this opinion.

*Judgment reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.